J-S68039-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHANE C. HACKWORTH | : | |
| | : | |
| Appellant | : | No. 763 WDA 2018 |

Appeal from the PCRA Order May 2, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001442-2008,
CP-25-CR-0003068-2017

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                FILED NOVEMBER 19, 2018

Appellant Shane Cody Hackworth appeals from the Order entered in the Court of Common Pleas of Erie County on May 2, 2018, dismissing as untimely his pro se petition for relief under the Post Conviction Relief Act (PCRA).[1]  We affirm.

On July 24, 2008, Appellant entered a guilty plea to charges at two separate criminal dockets.  Specifically, the Commonwealth had charged Appellant at Docket No. 3068 of 2007 with two counts of Possession with

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.  In an unpublished memorandum decision filed on October 13, 2017, a panel of this Court vacated the trial court's Orders entered on December 13, 2016, and January 3, 2017, and remanded for further proceedings after finding that the trial court should have considered Appellant's pro se Motions for Reconsideration of Sentence Nunc Pro Tunc to be petitions for post conviction relief and, therefore, should have appointed him counsel.  See Commonwealth v. Hackworth, 2017 WL 4570638 (Pa.Super. 2017) (unpublished memorandum).

_____

*   Former Justice specially assigned to the Superior Court.

Intent to Deliver LSD and Criminal Conspiracy. See 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903. The Commonwealth had charged Appellant at Docket No. 1442 of 2008 with Possession of Marijuana, Possession with Intent to Deliver Marijuana, and Possession of Drug Paraphernalia. See 35 P.S. §§ 780-113(a)(16), (30), and (32). On July 24, 2008, Appellant was sentenced at both dockets as follows: Docket Number 3068 of 2007: Count 1- Five (5) years of probation; Count 2- Merged with Count one (1); and Count 3- Probation for a period of five (5) years, consecutive to Count 1. Docket Number 1442 of 2008: Count 1- five (5) years of probation; Count 2- Merged with Count 1; and Count 3- Probation for a period of one (1) year, consecutive to Count one (1).

On July 9, 2009, Appellant entered a guilty plea to two additional drug charges which resulted in his violating the terms of his probation. As a result, on July 23, 2009, Appellant's probation was revoked. Upon revocation, Appellant was resentenced as follows: Docket Number 3068 of 2007: Count 1- Incarceration for a period of nine (9) to thirty-six (36) months; Count 2- Merged with Count 1; and Count 3- Incarceration for a period of nine (9) to thirty-six (36) months, consecutive to Count 1. Docket Number 1442 of 2008: Count 1- Incarceration for a period of one (1) to twenty-four (24) months; Count 2- Merged with Count 1; and Count 3- Probation for a period of twelve (12) months, consecutive to Count 1. The sentence at Docket Number 3068 of 2007 was ordered to run consecutively to the sentence Petitioner received at Docket Number 352 of 2009. Appellant's sentence at Docket Number 1442

of 2008 was ordered to run consecutively to his sentence at Docket Number 3068 of 2007.

Appellant filed nether a post sentence motion nor a direct appeal. Instead, Appellant filed the aforementioned motions for reconsideration in December of 2016 wherein he challenged the effectiveness of his trial counsel and averred the trial court had erred in failing to merge his charges. The trial court denied these motions as untimely in Orders entered on December 13, 2016, and January 3, 2017. Appellant filed a timely notice of appeal at Docket Number 3068 of 2007 on January 13, 2017, and a timely notice of appeal at Docket Number 1442 of 2008 on January 17, 2017. In a Per Curiam Order entered on March 27, 2017, this Court remanded these matters to the trial court to determine whether Appellant was entitled to counsel. The trial court appointed counsel on March 27, 2017.

Following this Court's order of October 13, 2017, counsel filed a petition for leave to withdraw as counsel and an accompanying "no merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988)(en banc) wherein he indicated Appellant's PCRA petition was patently untimely and failed to state a colorable claim for post conviction relief. After an independent review of the record and its consideration of Appellant's PCRA petition along with counsel's no-merit letter and petition to withdraw, on May 2, 2018, the PCRA court determined it had no jurisdiction to decide the merits of Appellant's claims as his PCRA petition was untimely filed.

Appellant filed a timely notice of appeal on May 15, 2018. On May 24, 2018, the PCRA court entered its Order directing Appellant to file a Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), and Appellant complied on May 29, 2018. On June 7, 2018, the PCRA court filed its Opinion pursuant to Pa.R.A.P. 1925(a) wherein it stated that the reasons for its dismissal of Appellant's PCRA petition had been articulated in its Notice of Intent to Dismiss PCRA, styled as an "Order of Court" on March 15, 2018, and incorporated the latter in its Rule 1925(a) Opinion by reference.

Following a Grazier[2] colloquy held on July 31, 2018, the PCRA court entered an Order indicating Appellant had knowingly and voluntarily waived his right to counsel. The certified record contains a Right to Counsel Waiver Form wherein Appellant indicated he had read the document which enumerated the ramifications of his proceeding pro se in its entirety and that he wished to give up his right to be represented by an attorney. See Right to Counsel Waiver, filed 7/31/18.

In his brief, Appellant presents the following "Statement of the Questions Presented for Review":

> 1) Was trial counsel ineffective in failing to challenge an unduly prejudicial lapse of time from when the police became aware of the alleged underlying criminal conduct of [A]ppellant and when [A]ppellant was actually charged at Court of Common Pleas Docket Nos. 3068 of 2007 and 1442 of 2008?

_____

[2] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

- 4 -

2)      Was trial counsel ineffective for failing to challenge the warrantless search of [A]ppellant's apartment on September 9, 2007, at Court of Common Pleas Docket No. 1442 of 2008?

3)      Did trial court error [sic] in re-sentencing [A]ppellant at Court of Common Pleas Docket Nos. 3068 of 2007 and 1442 of 2008 on July 28, 2009, after it had already sentenced [A]ppellant at the aforementioned dockets on July 24, 2008?

4)      Was trial counsel ineffective in failing to inform [A]ppellant of the collateral consequences of the sentence he received at Court of Common Pleas Docket Nos. 3068 of 2007 and 1442 of 2008[?]

5)      Did the trial court error [sic] in failing to merge charges as lesser-included offenses for purpose of sentencing at Court of Common Pleas Docket Nos. 3068 of 2007 and 1442 of 2008?

Brief for Appellant at 3.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. Commonwealth v. Robinson, 635 Pa. 592, 603, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. Commonwealth v. Lippert, 85 A.3d 1095, 1100 (Pa.Super. 2014).

To the extent Appellant is claiming trial counsel was ineffective, we observe that:

[i]t is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of

arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

Commonwealth v. Franklin, 990 A.2d 795, 797 (Pa.Super. 2010) (internal citations omitted). Because Appellant entered a guilty plea, we keep in mind the following:

The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

Our Supreme Court also has held as follows:

Central to the question of whether [a] defendant's plea was entered voluntarily and knowingly is the fact that the defendant know and understand the nature of the offenses charged in as plain a fashion as possible.... [A] guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. Thus, ... a trial judge [and, by extension, plea counsel] is not required to go to unnecessary lengths to discuss every nuance of the law regarding a defendant's waiver of his right to a jury trial in order to render a guilty plea voluntary and knowing.

- 6 -

Commonwealth v. Barndt, 74 A.3d 185, 192-93 (Pa.Super. 2013) (citations and quotation marks omitted).

In addition, a defendant's lack of knowledge of the collateral consequences to the entry of a guilty plea, including probation/parole revocation, does not render a plea unknowing or involuntary. See Commonwealth v. Brown, 680 A.2d 884, 887 (Pa.Super. 1996), appeal denied, 689 A.2d 230 (Pa. 1997) ("the possibility of probation revocation is a collateral consequence to a guilty plea, and the fact that a defendant was not informed that he faces such a possibility in an unrelated criminal case does not undermine the validity of the plea").

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary. Commonwealth v. Callahan, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception.  If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa.Super. 2013). This is true even where the appellant challenges the legality of his sentence. Commonwealth v. Fahy, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999) (holding that claims challenging the legality of sentence are subject to review within PCRA, but must first satisfy the PCRA's time limits).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

(b) Time for filing petition.--

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant did not file a timely direct appeal following his revocation sentence imposed on July 23, 2009. Thus, Appellant's judgment of sentence became final on or about August 23, 2009, at which time

Appellant's time for filing a direct appeal expired. See 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review").

Herein, a timely petition had to be filed by August 23, 2010; therefore, the instant PCRA petition, which initially was filed as a pro se motion for reconsideration nunc pro tunc filed on December 8, 2016, at Docket Number 3086 of 2007 and a pro se motion for reconsideration of sentence nunc pro tunc filed on December 22, 2016, at Docket Number 1442 of 2008, is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. See 42 Pa.C.S.A. § 9545(b)(1); Commonwealth v. Perrin, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Preliminarily, we note that Appellant's appellate brief is disjointed, difficult to follow at times and does not conform to the Pennsylvania Rules of Appellate Procedure. For instance, although he raises five questions for our review, the text of the brief does not correspond with those issues and is instead comprised of individually numbered paragraphs pertaining to the various charges to which he pled guilty. Pa.R.A.P. 2119. "[A]lthough this Court

is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." Commonwealth v. Lyons, 833 A.2d 245, 252 (Pa.Super. 2003), appeal denied, 879 A.2d 782 (Pa. 2005) (some citations omitted). Notwithstanding, Appellant first appears to argue that his petition meets the newly-discovered facts exception provided in Subsection (b)(1)(ii) in that his plea was not entered into knowingly and voluntarily due to the "excessive sentencing schemes by the Erie County Courts being ignored through ineffective counsel and back-door antics." Brief for Appellant at 7. See also Brief for Appellant at 10, 12, 14-17.

> [I]n determining whether a petitioner qualifies for the exception to the PCRA's time requirements pursuant to subsection 9545(b)(1)(ii), the PCRA court must first determine whether "the facts upon which the claim is predicated were unknown to the petitioner." In some cases, this may require a hearing. After the PCRA court makes a determination as to the petitioner's knowledge, it should then proceed to consider whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records.

Commonwealth v. Burton, 638 Pa. 687, 719, 158 A.3d 618, 638 (2017). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." Commonwealth v. Walters, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted); 42 Pa.C.S.A. § 9545(b)(2).

With regard to due diligence, we are guided by the following: "Due diligence demands that the petitioner take reasonable steps to protect his own

interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." Commonwealth v. Brown, 111 A.3d 171, 176 (Pa.Super. 2015) (citations omitted).

Assuming, arguendo, Appellant presented his claim within 60–days of when he first learned of counsel's alleged ineffectiveness, see Walters, supra, we conclude Appellant has failed to demonstrate the necessary due diligence to invoke the newly-discovered facts exception. Simply put, inasmuch as Appellant admits in his brief that he pled guilty to the charges and was aware of the sentences he received at the time he pled guilty and upon revocation of his probation, aside from his bald allegations, Appellant has failed to establish that the facts upon which he bases his claims could not have been ascertained with the exercise of due diligence in the more than six years which passed between the time at which he entered his guilty pleas and filed his PCRA Petition. Furthermore, as stated supra, Appellant's ignorance of the collateral consequences to the entry of his guilty plea, including probation revocation, does not render his plea unknowing or involuntary. Brown, supra, 680 A.2d at 887.

To the extent Appellant's third and fifth issues challenge the legality of his sentence by claiming the trial court failed to merge his charges at sentencing, it is axiomatic that "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such

review." Commonwealth v. Miller, 102 A.3d 988, 995 (Pa.Super. 2014) (citation omitted). Put another way, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." Id. (citation omitted; brackets in original).

Appellant has neither pled nor attempted to prove one of the aforementioned exceptions to the PCRA time-bar. Notwithstanding, as stated previously, Appellant plead guilty to the charges on which he was sentenced initially, and as his ability to articulate the procedural history of his sentences in his brief evinces, he was aware of his sentence on all charges prior to December of 2016. In addition, as stated above, the trial court did, in fact, merge Count 2 at each docket with the top count as a lesser- included offense for sentencing purposes.

In light of the foregoing, Appellant has filed a facially untimely PCRA petition and has failed to plead and prove the applicability of any exception to the PCRA time-bar. We, therefore, affirm the PCRA court's Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/19/2018

- 12 -